IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Civ. No. 4:CV-03-0269 |
| | : | Crim. No. 4: CR-00-0072-01 |
| v. | : | |
| | : | (Judge McClure) |
| | : | |
| DAVID M. GRIGGS | : | |

**O R D E R**

January 10, 2006

**BACKGROUND:**

Before the court is the motion of David M. Griggs under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from our December 21, 2004 order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Griggs filed a brief in support of his motion on January 9, 2006.

Griggs has already appealed the December 21, 2004 order he now moves the court to reconsider.  On June 21, 2005, a panel of the Third Circuit denied Griggs's request for a certificate of appealability.  United States v. Griggs, No. 05-1892 (3d Cir. June 21, 2005).  After Griggs moved the court of appeals for rehearing, the Third Circuit denied his petition for en banc rehearing on August 1, 2005.  United States v. Griggs, No. 05-1892 (3d Cir. Aug. 1, 2005).

1

For the following reasons we will consider those aspects of Griggs's Rule 60(b) motion that address the manner in which we ruled on his motion under section 2255 and deny his Rule 60(b) motion.

**DISCUSSION:**

### I. Application of Rule 60(b) to Griggs's Habeas Petition

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a list of enumerated reasons. Griggs's motion argues that there were mistakes in the court's factual findings and that his conviction was in part based on a fraudulent affidavit by a police officer. The instant motion, filed within a year of our order denying his motion under section 2255, is timely under the test of Rule 60(b).

Now we examine whether Grigg's Rule 60(b) motion is a second or successive motion under AEDPA that would prevent us from hearing the case without petitioner's first getting the permission of the Third Circuit. How a district court may address a Rule 60(b) motion varies according to what the petitioner challenges in his motion. The Third Circuit's recent holding in <u>Pridgen v. Shannon,</u> explained the matters a district court could consider in an unsuccessful habeas petitioner's Rule 60(b) motion as follows:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

In closing, the Third Circuit in Pridgen counseled that "when a Rule 60(b) motion is in conflict with provisions of AEDPA or is a direct attack on a state conviction, it constitutes the equivalent of a successive habeas corpus petition and should be dismissed." Id. at 729; see also Rules Section 2255 Proceedings Rule 12 (stating Fed. R. Civ. P. may be applied to a 2255 proceeding to the extent they are not inconsistent with statutory provisions or rules governing section 2255). Griggs filed his Rule 60(b) motion after the Third Circuit had already denied him a certificate of appealability (COA), which was necessary for him to appeal our dismissal of his petition under 28 U.S.C. § 2253(c).

We are uncertain as to whether a habeas petitioner's use of a Rule 60(b) motion addressing a dismissed habeas petition is appropriate after the court of appeals has denied the petitioner a COA on that very petition, or whether it would

3

be considered use of a Rule 60(b) motion in a manner that conflicts with provisions of AEDPA.  We find it plausible that filing a Rule 60(b) motion after the court of appeals has denied a COA is more like a second or successive motion under AEDPA than filing a Rule 60(b) motion seeking to correct an error in the district court's handling of a petition before a COA is sought.  Cf. Tavares v. Meyers, 129 F. App'x 694, 696 (3d Cir. 2005) (affirming district court's decision not to transfer filing construed as Rule 60(b) motion to proper United States District Court of Massachusetts where United States Court of Appeals for the First Circuit had already considered issue in denying petitioner's COA).  Nevertheless, because the court is unable to locate clear precedent on the issue, we will address those aspects of Grigg's Rule 60(b) motion which address the manner in which we ruled on his habeas petition.

## II.  Griggs's Rule 60(b) Motion

### A.  Griggs Cannot Collaterally Attack His Conviction via Rule 60(b)

In Griggs's motion he indicates that he would like the court to vacate our findings of fact in our December 21, 2004 order denying his motion under section 2255 concerning: (a) "Procedural Defaults"; (b) "Fourth Amendment Violation"; (c) "Ineffective Assistance of Counsel"; and (d) "Confrontation Clause."  (Rec. Doc. No. 265, at 4 ¶ 15.)  Griggs also baldly asserts that a police officer's affidavit

of probable cause and oral testimony before this court in his underlying criminal case were based on fraud. (Rec. Doc. No. 265, at 4 ¶ 16.) Griggs's assertion that the police officer's affidavit and testimony were based on fraud is an attempt to collaterally attack his conviction that must be addressed in a second or successive habeas petition and not under Rule 60(b). See Pridgen, 380 F.3d at 727.

### B.  Findings of Fact in Our December 21, 2004 Order

We now turn to Griggs's argument that the court erred in our findings of fact in our December 21, 2004 order that denied his motion under section 2255. In his brief in support Griggs states that "it is clear that [this] Court blocked petitioners rights to attack his conviction in a clear and unfair application of State and federal [sic] laws." (Rec. Doc. No. 266, at 2.) Unfortunately, Griggs's argument of how the court unfairly addressed his motion under section 2255 is difficult to follow.

First, Griggs asserts we should grant his Rule 60(b) motion because his trial counsel was replaced on April 29, 2002. Griggs appears to suggest that because his trial counsel was replaced at sentencing that constitutes a mistake, inadvertence, or excusable neglect to warrant the issuance of a Rule 60(b) motion. It does not, and our finding that his trial counsel was replaced was correct in our December 21, 2004 order.

Next, Griggs obtusely asserts that there was a "fundamental miscarriage of

justice in this courts [sic] finding of facts concerning the traffic stop." (Rec. Doc. No. 266, at 3.) In connection with this argument Griggs also asserts later in his motion that in our December 21, 2004 order we improperly relied on the Pennsylvania Administrative Code provision that makes it a violation to improperly feature a "T" tag. See (Rec. Doc. No. 258, at 10) (citing 67 Pa. Code § 47.4)). Griggs asserts that the provision did not come into effect until ten months after the date of his traffic stop in October 2000.[1] (Rec. Doc. No. 266, at 6.) Regardless of Griggs's "T" tag argument, in our December 21, 2004 order we explicitly stated that "swerving alone can be a basis for an officer's effectuation of an automobile stop." (Rec. Doc. No. 258, at 10.) Griggs argues that we misread Commonwealth v. Starr, 739 A.2d 191 (Pa. Super. Ct. 1999), but we did not. The relevant language in the case states: "we have repeatedly held that an investigatory traffic stop may be based upon an officer's observation of erratic driving." Id. at 195.

In the midst of advancing his traffic stop argument, Griggs turns to an unintelligible discussion of the fundamental miscarriage of justice standard. It does not warrant further discussion by this court.

---

[1] We note that the Pennsylvania Administrative code provision was amended in October 2000, but it was initially adopted April 2, 1982. Because Griggs does not elaborate on his argument we do not address it any further.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. To the extent Griggs's Rule 60(b) motion challenges the manner in which this court issued our December 21, 2004 order denying his motion under section 2255 it is denied. (Rec. Doc. No. 265.)

2. The remaining arguments advanced in Griggs's Rule 60(b) motion are inappropriate for a Rule 60(b) motion and we are without jurisdiction to hear them.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge